IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEROD ANTONIO HARRISON,<br><br>    Plaintiff,<br><br>  vs.<br><br>A. HEDGPETH, et al.,<br><br>    Defendants.                  / | No. C 12-00963 YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT; DENYING HIS REQUEST FOR APPOINTMENT OF COUNSEL; DISMISSING ALL CLAIMS AGAINST DEFENDANTS HEDGPETH AND KRENKE; AND SERVING HIS DELIBERATE INDIFFERENCE CLAIM** |

      On February 27, 2012, Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP") filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. He seeks injunctive relief and monetary damages.

      Upon review of the complaint, the Court found that Plaintiff's allegations stated cognizable Eighth Amendment claims against Defendants. The Court characterized Plaintiff's Eighth Amendment claim as one of excessive force against him based on allegations of the use of pepper spray and physical force as well as the failure to intervene to prevent the use of such force on two separate incidents on February 13, 2010 against the following Defendants: SVSP Sergeant A. Meza and SVSP Correctional Officers D. Murphy, M. Perez, V. Logan, J. Vasquez, Ambriz, Tschabold, and A. Vasquez. (Oct. 25, 2012 Order at 2-3.) The Court also found cognizable supervisory liability claims against Defendants SVSP Warden A. Hedgpeth and SVSP Lt. Krenke. The Court ordered service of the complaint and directed the aforementioned Defendants to respond. To date, all aforementioned Defendants have been served, and they have waived their right to answer to Plaintiff's complaint. (Docket Nos. 25, 32.)

      In reviewing Plaintiff's original complaint, the Court now notes that it inadvertently failed to mention -- as part of his cognizable Eighth Amendment claims -- his allegations of deliberate indifference to his medical needs based on Defendants SVSP Licensed Vocational Nurses ("LVNs") B. O'Kelly and J. Rodriguez alleged failure to treat Plaintiff for his injuries. (Compl. at 7.) The Court will order service of the complaint on these Defendants and set a new briefing schedule

below.

Before the Court are Plaintiff's motion for leave to file an amended complaint[1] and motion for appointment of counsel. (Docket nos. 17, 34.)

Also before the Court are the served Defendants' motions for summary judgment (Docket Nos. 39, 56.) These Defendants move for summary judgment as to Plaintiff's Eighth Amendment claims because they are barred under the provisions of *Heck v. Humphrey*, 512 U.S. 477 (1994). They also move for summary judgment, arguing that there is no disputed issue of material fact, that they are entitled to judgment as a matter of law, and that they are entitled to qualified immunity. Plaintiff has filed oppositions to the aforementioned motions, and these Defendants have filed replies.

In addition, the parties have filed a "Stipulation for Voluntary Dismissal With Prejudice as to Defendants Hedgpeth and Krenke." (Docket No. 38.)

For the reasons discussed below, the Court DENIES Plaintiff's motion for leave to file an amended complaint as unnecessary, DENIES his motion for appointment of counsel, and DISMISSES all claims against Defendants Hedgpeth and Krenke based on the aforementioned stipulation. The Court will resolve the served Defendants' pending motions for summary judgment in a separate written Order. Finally, the Court issues service of the cognizable deliberate indifference claim against Defendants O'Kelly and Rodriguez, who shall abide by the briefing schedule outlined below if they believe this claim can be resolved by summary judgment.

## DISCUSSION

**I.   Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff filed a motion for leave to file an amended complaint purportedly because he wishes to "include more facts to his complaint[,] dismiss two parties [Defendants Hedgpeth and Krenke] to the original complaint, and make legal claims more cognizable under [§] 1983." (Mot. for Lv. to File Am. Compl. at 1.) Plaintiff also seeks leave to amend his complaint to "show that he has exhausted all his administrative remedies by attaching the grievance with responses to the amended

---

[1] The Court notes that Plaintiff has not submitted a proposed amended complaint with his motion.

2

complaint." (*Id.*)

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." In considering whether to grant or deny a motion seeking leave to amend a complaint, the district court may consider whether there is bad faith, undue delay, prejudice to the opposing party, futility in the amendment, and whether the plaintiff has previously amended his complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The liberality with which amendment is usually permitted is tempered in a pauper-prisoner's civil action by the gate-keeping functions in 28 U.S.C. § 1915 and § 1915A. Additionally, the rule that a *pro se* litigant's pleadings be liberally construed means that amendment generally is not necessary to amplify the details of a claim or particular theories supporting the claim when the court has already determined that the earlier pleading sufficed to state a claim for relief.

Here, Plaintiff has not shown that justice requires that he be permitted to further amend his pleading because such an amendment is not necessary. First, Plaintiff need not amend his complaint to "include more facts" or "make legal claims more cognizable" because the Court has found that his original complaint stated cognizable claims for relief, and it has issued service of the complaint on Defendants (who have since filed dispositive motions). As an aside, Plaintiff does not now seek to add new claims that were not in the original complaint. Nor does he address the fact that the Court inadvertently failed to mention his claim of deliberate indifference against Defendants O'Kelly and Rodriguez. (As mentioned above, his allegations relating to his deliberate indifference claim were included in his original complaint; therefore, the Court will issue service of this claim below.) Second, Plaintiff need not amend his complaint to voluntarily dismiss his claims against Defendants Hedgpeth and Krenke because the parties have filed a stipulation for the voluntary dismissal of these claims. Finally, Defendants do not move to dismiss the complaint for failure to exhaust administrative remedies; therefore, there is no need for Plaintiff to amend his complaint to attach any of his inmate grievances. Accordingly, the Court DENIES motion for leave to file an amended

3

complaint (Docket No. 17) as unnecessary.[2]

## II. Plaintiff's Motion for Appointment of Counsel

On March 25, 2011, Plaintiff filed a motion entitled, "Ex Parte Motion for Assignment of Counsel, and Supporting Memorandum of Points and Authorities and Declaration." (Docket No. 34.) Plaintiff seeks the appointment of counsel due to his lack of legal experience, lack of income and limited access to the prison law library. (Mot. for Appt. of Counsel at 2.)

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Accordingly, the request for appointment of counsel (Docket No. 34) is DENIED without prejudice. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after the Court considers Defendants' motions for summary judgment such that the Court will be in a better position to analyze the procedural and

---

[2] The Court notes that the served Defendants initially filed a notice of non-opposition to Plaintiff's motion for leave to file an amended complaint. (Docket No. 36.) However, these Defendants have since filed dispositive motions relating to the original complaint. In any event, their non-opposition is now irrelevant because the Court has denied Plaintiff's motion as unnecessary.

4

substantive matters at issue. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff *pro bono*.

### III. Dismissal of All Claims against Defendants Hedgpeth and Krenke

Pursuant to the parties' "Stipulation for Voluntary Dismissal With Prejudice as to Defendants Hedgpeth and Krenke," (Docket No. 38.), the Court DISMISSES with prejudice all claims against Defendants Hedgpeth and Krenke.

### IV. Service of Deliberate Indifference Claim

As mentioned above, the Court finds cognizable Eighth Amendment claim against Defendants O'Kelly and Rodriguez for deliberate indifference against Plaintiff's medical needs when they failed to treat his injuries stemming from the February 13, 2010 incident. (Compl. at 7.) Specifically, Plaintiff claims that after the alleged acts of excessive force on February 13, 2010, he was "bleeding from a[n] injury to his forehead." (*Id.*) Plaintiff further alleges that Defendants O'Kelly and Rodriguez were aware of his injury; however, "[n]either L.V.N. attended to [his] head injury properly." (*Id.*) The Court directs the Clerk of the Court to serve the complaint on these Defendants, and the parties shall abide by the briefing schedule outlined below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for leave to file an amended complaint (Docket No. 17) is DENIED as unnecessary.

2. Plaintiff's motion for appointment of counsel (Docket No. 34) is DENIED without prejudice.

3. All claims against Defendants Hedgpeth and Krenke are DISMISSED with prejudice.

4. The operative complaint contained multiple theories relating to Plaintiff's Eighth Amendment claims: excessive force, failure to intervene, and deliberate indifference. All are cognizable; however, only the excessive force and failure to intervene claims have been served. The Court will now issue service on the remaining deliberate indifference claim against Defendants O'Kelly and Rodriguez, who may (pursuant to the briefing scheduled below) file a motion for

5

summary judgment if they believe this claim can be resolved by summary judgment.

      a.     The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Docket No. 1) and a copy of this Order to **SVSP Licenced Vocational Nurses B. O'Kelly and J. Rodriguez.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the served Defendants' attorney, Kevin Allen Voth, Esq. at the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

      b.     Defendants O'Kelly and Rodriguez are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants O'Kelly and Rodriguez, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants O'Kelly and Rodriguez had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), they will not be required to serve and file an answer before **twenty-eight (28) days** from the date on which the request for waiver was sent. Defendants O'Kelly and Rodriguez are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants O'Kelly and Rodriguez have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      c.     Defendants O'Kelly and Rodriguez shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      1)     No later than **twenty-eight (28) days** from the date their answer is due, Defendants O'Kelly and Rodriguez shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must

6

conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants O'Kelly and Rodriguez are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

2) Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants O'Kelly and Rodriguez no later than **twenty-eight (28) days** after the date on which these Defendants' motion is filed.

3) Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

4) Defendants O'Kelly and Rodriguez shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

5) The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. The served Defendants' motions for summary judgment will be resolved in a separate written Order.

6. This Order terminates Docket Nos. 17 and 34.

IT IS SO ORDERED.

DATED: September 24, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**